J-S53023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUIS LOPEZ, | |
| Appellant | No. 2082 EDA 2016 |

Appeal from the Judgment of Sentence June 10, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014305-2012

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 18, 2017**

Appellant, Luis Lopez, appeals from the judgment of sentence entered on June 10, 2016.  We affirm.

As the trial court ably explained:

> [Appellant] was arrested on November 19, 2012, and charged with aggravated indecent assault, unlawful contact with minor, endangering the welfare of a child, corruption of minors, indecent assault[,] and simple assault of a child under [12 years of age]. . . .  On February 18, 2015, a jury was selected [for Appellant's trial]. . . .
>
> [During trial, Appellant] decided to enter a negotiated plea to the charges of endangering the welfare of a child and corruption of the morals of a minor[,[1]] in exchange for an aggregate sentence of five years' probation.

---

[1] 18 Pa.C.S.A. §§ 4304(a)(1) and 6301(a)(1)(i).

On April 27, 2015, [Appellant] incurred new charges of intimidation of a witness, contempt, aggravated [assault,] simple assault, conspiracy, terroristic threats[,] and recklessly endangering another person. On January 8, 2016, [Appellant] was sentenced to one to two years' incarceration for the intimidation of a witness offense. On June 10, 2016, a probation violation hearing was held, after which [Appellant] was found to have violated his probation[; that same day, the trial court revoked Appellant's probation and re-sentenced Appellant to serve a term of one to two years in prison, followed by three years of probation, for the underlying convictions].

Trial Court Opinion, 8/30/16, at 1-2.

On June 14, 2016, Appellant filed a timely motion to modify his sentence. *See* Pa.R.Crim.P. 708(E) ("[a] motion to modify a sentence imposed after a revocation [of probation] shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period"). Within Appellant's motion to modify, Appellant claimed that the trial court abused its discretion by imposing an "unduly harsh and excessive [sentence] in light of [Appellant's] background, acceptance of responsibility[,] and cooperation in this matter." Appellant's Motion to Modify, 6/14/16, at 2. The trial court denied Appellant's motion to modify on June 21, 2016 and, on June 27, 2016, Appellant filed a timely notice of appeal.

Appellant raises two claims on appeal:

[1.] Whether the trial court erred in finding [Appellant] guilty of a violation of his probation where, as here, there was no admissible evidence of a violation admitted at the hearing?

[2.] Whether the trial court erred in denying [Appellant's] motion for reconsideration of its decision finding [Appellant] in violation where, as here, the sentence imposed by the court for the violation was excessive given the ample evidence offered by the defense in mitigation and the complete lack of admissible evidence offered by the Commonwealth?

Appellant's Brief at vi (some internal capitalization omitted).

First, Appellant claims that there was insufficient evidence to support the revocation of his probation because "the Commonwealth offered no evidence [] that [Appellant] had violated his probation [and] relied only on argument as to the appropriate sentence." Appellant's Brief at 9. This claim is frivolous and demands little attention from this Court. Certainly, during the revocation of probation hearing, the trial court noted that Appellant violated his probation by being convicted of "witness intimidation" and Appellant then **expressly stipulated** to a "direct violation" of his probation. N.T. Violation of Probation Hearing, 6/10/16, at 3-4 and 7-8 (Appellant's Attorney: "I'm going to pass this up to Your Honor, because I think that that speaks best, copies of the presentence investigation report that were done in the direct violation matter. **And, by the way we're stipping to a direct violation**, if I didn't say that before") (emphasis added). The claim thus fails.

Second, Appellant claims that the trial court abused its discretion by imposing a manifestly excessive sentence. Appellant's Brief at 9. Appellant has waived his discretionary aspects of sentencing claim because he failed to include a Pennsylvania Rule of Appellate Procedure 2119(f) statement in his

brief and the Commonwealth has objected to the omission. Commonwealth's Brief at 6-7; ***Commonwealth v. Faulk***, 928 A.2d 1061, 1071-1072 (Pa. Super. 2007) ("[t]o be reviewed on the merits, a challenge to the discretionary aspects of sentence must raise a substantial question that the sentence imposed is not appropriate. A substantial question is raised when the appellant advances a colorable argument that the sentence was either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process. This Court determines whether an appellant has raised a substantial question by examination of the appellant's concise statement of the reasons relied upon for allowance of appeal, which must be included in the appellant's brief, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). If a Rule 2119(f) statement is not included in the appellant's brief and the appellee objects to the omission, then this Court is precluded from reviewing the merits of the appellant's claim") (internal citations and quotations omitted).

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2017